■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARVEY L. BUSSEY, Appellant. [916 NYS2d 539]—

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered May 11, 2007. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). We reject the contention of defendant that Supreme Court erred in denying his motion to dismiss the su-

perseding indictment based on the violation of his statutory right to a speedy trial, pursuant to CPL 30.30. The People became aware less than 24 hours prior to the scheduled arraignment that defendant, who had previously been released on his own recognizance, was in custody in a different county on an unrelated charge. The court therefore properly excluded an additional 14 days because, once defendant's unavailability was known, the People could not by the exercise of due diligence obtain his presence at the scheduled arraignment (*see* CPL 30.30 [4] [c] [i]). We also reject defendant's challenge to the severity of the sentence. Present—Centra, J.P., Fahey, Peradotto, Sconiers and Gorski, JJ.